Gwinn *v.* Harrell.

JOHN E. GWINN *v.* J. V. HARRELL.

STAY OY EXECUTION. *Order to stay.* An order of stay to the justice who rendered the judgment is sufficient which identifies the judgment with reasonable certainty by correctly describing, as far as it goes, the action or case in which the judgment has been rendered, and extrinsic evidence is admissible to aid the description.

FROM CARROLE.

Appeal in error from the Circuit Court of Carroll county.    C. ADEN, J.

HAWKINS & TOWNS for Gwinn.

HAWKINS & BREWER and T. C. FRYER for Harrell.

COOPER, J., delivered the opinion of the court.

On February 21, 1877, D. H. Scates, a justice of the peace, issued a warrant commanding the proper officer to summon Mary Brannock, principal, and J. M. Brannock, surety, to appear before him or any other justice to answer the complaint of J. V. Harrell,

executor of J. H. Harrell, deceased, in a plea of debt by note. On the same day the officer returned the warrant executed on J. M. Brannock, Mary Brannock being dead, and set the case for trial before Scates. On the same day the justice rendered judgment against J. M. Brannock for $363.40 and costs. On February 27, 1877, the plaintiff in error signed the following written order:

"To D. H. Scates, Esq.: Please enter my name as stayor in the case of Harrell against Mary Brannock and J. M. Brannock. Feb. 27, 1877.
JOHN E. GWINN."

On May 21, 1877, Scates, as justice, issued another summons against J. M. Brannock, executor of Mary Brannock, deceased, in favor of Harrell, executor, on the same note, and rendered judgment on the next day for the same amount as the previous judgment, with interest from February 20, 1877, when said previous judgment was given. Afterwards one execution was issued against both defendants and the stayor, as if the two judgments constituted only a single judgment. This execution was levied on the property of the stayor, and he filed a petition for a *supersedeas,* to quash the execution, and to be relieved as stayor. The circuit court quashed the execution, and the Referees have reported in favor of affirming the judgment. There is no exception to this part of the report. The plaintiff in error also sought to be relieved as stayor, upon the ground that the order given by him did not sufficiently identify either of the judgments. On the trial the circuit court permitted the justice, over the objection of the plaintiff in error, to prove

that the only two judgments on his docket in favor
of Harrell and against Mary and J. M. Branoock were
the two judgments mentioned above. The court then
held that the written order of February 27, 1877,
authorized the justice to enter the name of the plain-
tiff in error as stayor on the first judgment in point
of time. The Referees have reported in favor of
affirming this part also of the judgment below, and
the plaintiff in error has excepted to so much of the
report.

The stay of a justice's execution being in the na-
ture of a confession of judgment, the written author-
ity, this court has said, must upon its face contain
such reference to and description of the judgment in
snme one or more particulars as, without the aid of
extrinsic evidence, will render it reasonably certain
that the judgment referred to is the identical judg-
ment to which the stayor intended to become bound.
If the order contain such reference, extrinsic evidence
may be received to aid the defective description. But
parol evidence is not admissible to establish that the
written authority was intended to apply to a judg-
ment to which the writing upon its face in no one
certain and distinctive particular relates: *Barr* v. *Mc-
Gregor*, 11 Hum., 518. And, of course, there must
be no uncertainty in the judgment intended, whether
the order be alone looked to, or the order and parol
evidence introduced. Thus, in the case just cited, it
was held that a written order to enter the writer's
name as stayor to a judgment " recovered " by a per-
son named against a person named, will not author-

ize the entry of the name as stayor on either of two judgments for different amounts rendered by the justice to whom the writing was addressed, after its receipt, in favor of the person named against the person named and another, the amount of the recovery not being specified. So, an order to a justice to enter the writer's name as stayor to a judgment given on a day specified in favor of a person named against two persons named, was held to be insufficient, there being no mention of the amount of the judgment to be stayed, and the judgment to which the name was entered as stayor being against two persons in addition to those mentioned in the order: *Rhodes* v. *Chappell*, 11 Hum., 527. In a previous case the order was held sufficient where it described the judgment by the name of the plaintiffs, the date and amount, and the name of one of the two defendants: *Dilliard* v. *Askew*, 3 Hum, 536. And so it was intimated in a later case where the order stated correctly the names of both the plaintiffs and defendants, and the date and number of the judgments to be stayed without specifying the amounts: *Holt* v. *Davis*, 3 Head, 629. In *Cannon* v. *Trail*, 1 Head, 283, the order was written nine days after the rendition of the judgment, and authorized the justice to set the writer's name "to a debt against J. M. Warner for about $400 in favor of Letsy Cannon in the hands of C. A. Warner." The judgment was in favor of Letsy Cannon against J. M. Warner as principal, and two others as endorsers on a note, for $470.86. There was also proof that C. A. Warner was entrusted with

the collection of the note, and obtained the judgment, and had no other debt against J. M. Warner in favor of the plaintiffs. It was held that the evidence was properly admitted, and that the judgment was sufficiently identified.

These cases show the application of the principles of law mentioned, and fairly fall within them except *Rhodes* v. *Chappell,* 11 Hum., 527. In that case the judgment was reasonably identified by its date, and the names of the plaintiff and two of the four defendants, but the order was held to be insufficient because it failed to state the amount of the judgment and the other two defendants. On the last point it is in conflict with the earlier case of Dilliard against Askew, and the subsequent case of Cannon against Trail. In regard to the amount of the judgment, the ruling is in conflict with the intimation in the subsequent case of Holt against Davis, while in Cannon against Trail the statement of the exact amount of the judgment was expressly held not to he essential. If the omission of the amount of the judgment is not fatal, then the case of Rhodes against Chappel is not in accord with the rules applied in the other cases. For the judgment was fairly identified by reference to its date, and the names of the parties so far as they were given, and the parol evidence showed that the judgment was the only one then on the justice's docket between the parties. We think the order may be good without giving the amount of the judgment, if the judgment be otherwise sufficiently identified.

Gwinn v. Harrell.

The argument on behalf of the plaintiff in error is that the order contains "no element of certainty," or, in the language of the rule, "upon its face refers to the judgment in no one certain and distinctive particular." And it must be admitted that it does not use the word judgment, nor undertake to describe it at all. But neither did the order in Cannon against Trail. In that case the order was to put the writer's name "to a debt." In this case the order is to enter the writer's name "in the case of Harrell against Mary Brannock and J. M. Brannock." There was such a case, and a judgment had been entered in it, and the proof showed that the judgment in controversy was the only one in such a case on the justice's docket. And the question is narrowed down to this, whether the judgment to be stayed may be sufficiently identified by correctly describing, as far as the description goes, the suit or case in which the judgment has been rendered. The plain meaning of the order before us is that the justice, to whom it is addressed, may enter the writer's name as stayor to the judgment which he has rendered in the case specified. There was such a case, and the judgment to which the writer's name was signed had been rendered therein. The case could not have been correctly described except by using the names of Mary Brannock and J. M. Brannock as the defendants. For the warrant was issued against both, and the judgment was entered under a heading in which both names were specified, although the judgment was actually rendered only against J. M. Brannock. If the order had described

the judgment to be stayed as being against both the Brannocks, it would have been insufficient. But the description of the case was correct. The omission of the given names of the plaintiff, and of the character of executor in which he sued was immaterial. The name was correct as far as given, and the case was identified with reasonable certainty.

It may be that the plaintiff in error intended, as the justice who issued the execution, as well as the justice who rendered the judgment, seems to have understood him, to become stayor for the debt, that is, of all judgments rendered upon the note. But he has set up no such claim in his petition, and his order is to enter his name in the particular case.

The report of the Referees will be confirmed, and the judgment below affirmed.